UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FS MANAGEMENT COMPANY, et al.,  Case No. 1:17-cv-549
    Plaintiffs,  Barrett, J.
        Litkovitz, M.J.

vs.

UNION TOWNSHIP CLERMONT  **REPORT AND**
COUNTY CIC, INC., et al.,  **RECOMMENDATION**
    Defendants.

Plaintiffs filed this action against defendants Union Township Clermont County CIC, Inc., Village Shops, LLC, Salvation Army, RNS Properties II, LLC, Inland Eastgate Crossing, LLC, OKI Furniture Fair, Inc., Prospect Realty ES, LLC, 32 East, LLC, Walmart Real Estate Business Trust, Walmart Real Estate Trust, and Rosemary Weber. Defendant Union Township Clermont County CIC, Inc. filed an answer to the original complaint and to the amended complaint. (Docs. 6, 28). All other defendants, with the exception of Prospect Realty ES, have filed motions to dismiss the original complaint (Docs. 12, 13, 17, 20) and the amended complaint (Docs. 29, 30, 34). Plaintiff has filed notices of voluntary dismissal under Fed. R. Civ. P. 41(a)(1) for each of the movants and Prospect Realty ES.[1] (Docs. 32, 38). These defendants have been terminated on the Court's docket and are no longer parties to this lawsuit. The only defendant remaining in the lawsuit is Union Township Clermont County CIC, Inc.

---

[1] Rule 41(1)(a) states in pertinent part that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(1)(A)(i).

It is therefore **RECOMMENDED** that the following motions to dismiss be **DENIED** as moot:

1. motions to dismiss the original and amended complaints filed by defendant Rosemary Weber (Docs. 12, 34);

2. motions to dismiss the original and amended complaints filed by defendant Salvation Army (Docs. 17, 29);

3. motion to dismiss the original complaint filed by defendant Inland Eastgate Crossing, LLC (Doc. 20); and

4. motions to dismiss the original and amended complaints filed by defendants RNS Properties II, LLC, OKI Furniture Fair, Inc., 32 East, LLC, Walmart Real Estate Business Trust, Walmart Real Estate Trust, and Village Shops, LLC (Docs. 13, 30).

Date: <u>November 22, 2017</u>             <u>S/ Karen L. Litkovitz</u>
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FS MANAGEMENT COMPANY, et al.,            Case No. 1:17-cv-549
    Plaintiffs,                                             Barrett, J.
                                                              Litkovitz, M.J.

    vs.

UNION TOWNSHIP CLERMONT
COUNTY CIC, INC., et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).