# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FS MANAGEMENT COMPANY, et al.,
   Plaintiffs,

vs.

UNION TOWNSHIP CLERMONT
COUNTY CIC, INC., et al.,
   Defendants.

Case No. 1:17-cv-549
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on a motion for judgment on the pleadings filed by defendant Union Township Clermont County CIC, Inc. (Union Township). (Doc. 40). The motion is unopposed.

FS Management Company (FS Management) filed the original complaint in this action under the Court's diversity jurisdiction. (Doc. 1). After several defendants moved to dismiss the original complaint (Docs. 12, 13, 17, 20), Jonathan Peak and Franklin Levy filed a pro se amended complaint on October 17, 2017. (Doc. 26). Peak and Levy allege in the amended complaint that they "are partners doing business under the name FS Management Company. . . ." (*Id.*, ¶ 1). The amended complaint names only Peak and Levy as plaintiffs and does not include FS Management as a plaintiff.

Defendant Union Township filed an answer to both the original complaint and the amended complaint. (Docs. 6, 28). Peak and Levy subsequently filed notices of voluntary dismissal under Fed. R. Civ. P. 41[1] as to all defendants except Union Township. (Docs. 32, 38). The undersigned thereafter issued a Report and Recommendation recommending that the

---

[1] Rule 41(a)(1)(A) states in pertinent part that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(1)(A)(i).

motions to dismiss the original and amended complaints filed by those defendants named in the Rule 41 notices be denied as moot.[2] (Doc. 39).

Defendant Union Township subsequently filed its motion for judgment on the pleadings on November 28, 2017. (Doc. 40). Union Township incorporates into its motion by reference the arguments set forth in defendant Salvation Army's motion to dismiss/motion to strike plaintiffs' amended complaint. (Doc. 29). These arguments are: (1) the amended complaint must be stricken because plaintiffs Peak and Levy did not obtain defendants' consent or leave of court before filing the amended complaint on October 17, 2017; (2) Peak and Levy, as general partners, lack the capacity to appear pro se on behalf of their general partnership; and (3) the amended complaint asserts claims that belong to either FS Management or Peak and Levy's general partnership and details no harm to Peak and Levy individually, so that Peak and Levy lack standing to bring the claims. (*Id*.).

Defendant Union Township argues that before filing the amended complaint, Peak and Levy were required to obtain leave of court under Fed. R. Civ. P. 15(a)(2).[3] (Doc. 40). Defendant contends the amended complaint must be stricken because plaintiffs did not obtain leave of court. Union Township could have raised this argument in its responsive pleading to the amended complaint. Union Township filed an answer to the amended complaint and did not object to the filing of the amended complaint on this ground. (Doc. 28). The Court declines to

---

[2] Defendant Rosemary Weber has filed objections to the Report and Recommendation insofar as the report recommends that her motion to dismiss the original complaint filed by FS Management be denied as moot since she has been dismissed from the lawsuit. (Docs. 42, 39). Weber alleges that FS Management is still a party to this lawsuit because it has not filed a notice of voluntary dismissal and it has not been removed from the case. (Doc. 42). She seeks clarification as to whether FS Management's claims are still pending against her and, if so, she requests that her motion to dismiss the original complaint (Doc. 12) be granted.

[3] Rule 15(a)(1) provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

2

consider defendant's argument under Rule 15 and its request to strike the amended complaint in conjunction with defendant's Rule 12(c) motion.

Under Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). Defendant argues in support of its Rule 12(c) motion that Peak and Levy lack the capacity to appear pro se on behalf of their partnership, the entity whose interests are at stake in this lawsuit. (Doc. 40 at 2). The authorities defendant relies on support its position. (*Id.*; *see* Doc. 29 and cases cited therein). Peak and Levy do not dispute that FS Management's interests, not their own interests, are at stake in this lawsuit and that they cannot represent the partnership in a pro se capacity. The Court should therefore grant Union Township's motion for judgment on the pleadings, dismiss all claims alleged in this lawsuit against Union Township, and dismiss defendant Union Township from this case.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Union Township's motion for judgment on the pleadings (Doc. 40) be **GRANTED** and defendant Union Township be **DISMISSED** as a party from this case.

Date: 3/1/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FS MANAGEMENT COMPANY, et al.,
Plaintiffs,

Case No. 1:17-cv-549
Barrett, J.
Litkovitz, M.J.

vs.

UNION TOWNSHIP CLERMONT
COUNTY CIC, INC., et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).