**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI**

FS Management Company, et al.,

        Plaintiffs,

   vs.

Union Township Clermont County CIC, Inc.,
et al.,

        Defendants.

Case No. 1:17-cv-00549

Judge Michael R Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 39) recommending that various motions to dismiss (Docs. 12, 13, 17, 20, 29, 30, 34) be denied as moot.

The only party to object to the R&R is Defendant Rosemary Weber, who filed motions to dismiss both the original and amended complaints (Docs. 12, 34). Defendant Weber's objection hinges on Plaintiff FS Management Company's status as a Plaintiff in this action. By way of limited background, Defendant Weber moved to dismiss the original complaint at least in part because Plaintiff FS Management Company – a California unincorporated association – proceeded *pro se* in violation of the rule that unincorporated associations may not be represented in federal court without a licensed attorney. (Doc. 12, PageID 62) (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S 19, 202 (1993)). To avoid dismissal, an amended complaint was filed *pro se* on October 17, 2017 by Jonathan Peak and Franklin Levy "removing" FS Management Company as a Plaintiff. One month later, Plaintiff Peak and Plaintiff Levy filed pursuant to Rule 41(a)(1) a notice voluntarily dismissing Defendant Weber,

1

among others. (Doc. 38). According to Defendant Weber, it is clear that the claims of Plaintiff Peak and Plaintiff Levy are no longer pending against her, but it is less clear whether any claims of Plaintiff FS Management Company remain pending because Plaintiff FS Management Company improperly "amend[ed] [itself] out of the action" instead of filing/seeking a formal dismissal. (Doc. 34, PageID 169) (citing *Barnes v. First American Title,* 473 F.Supp. 2d 798, 801 (N.D Ohio 2007)). As such, Defendant Weber wishes to preserve her objections to the R&R, to the extent that any claim of FS Management Company arguably remains pending and undismissed. (Doc. 42) ("If the R&R is referring to all claims raised by Peak, Levy, and FS as collectively being dismissed, Weber has no objections. If FS's claims are still pending against Weber in this court, Weber hereby objects to the Magistrate[] [Judge's] R&R regarding the denial of Weber's Motion to Dismiss (Doc. 12) as moot.").

The Court agrees with Defendant Weber that a party generally cannot "amend itself out" of an action. To avoid any future confusion about Plaintiff FS Management Company's status as a party, or the validity of its attempt to "remove" itself from this action, the Court will formally grant Defendants' motions to the extent that they seek dismissal of Plaintiff FS Management Company's claims. *See Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 821 (E.D. Mich. 2009) (dismissing complaint because claims were required to be litigated by licensed attorney).

Therefore, consistent with the above, the Court **PARTIALLY ADOPTS** the R&R (Doc. 39). Specifically, the Motions (Docs. 12, 13, 17, 20) are **GRANTED**, and the claims of Plaintiff FS Management Company are **DISMISSED.** To the extent that Plaintiff FS Management Company attempted to amend its claims against Defendants via the amended complaint, such amendment failed to remedy Plaintiff FS Management Company's *pro se* status. Accordingly, Defendants' motions (Docs. 29, 30, 34) are **GRANTED** with respect to any claims of Plaintiff

FS Management Company, and (per the magistrate judge's reasoning) **DENIED AS MOOT**

with respect to the claims of Plaintiff Peak and Plaintiff Levy. No claims remain pending in this

action, so the case is **TERMINATED** from the docket of this Court.

      **IT IS SO ORDERED.**

                     *s/ Michael R. Barrett*
                    **Hon. Michael R. Barrett**
                    **United States District Judge**